UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD L. KOCH, an individual,<br><br>Defendant | CASE NO. C08-5394BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT AND PARTIALLY VACATING PREVIOUS ORDER |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 58). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part Plaintiff's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 3, 2009, Plaintiff filed a motion for partial summary judgment. Dkt. 27. On October 15, 2009, the Court granted in part and denied in part Plaintiff's motion. Dkt. 48.

On October 21, 2009, pursuant to Local Rule CR 7(h), Defendant filed a motion for reconsideration (Dkt. 58) of the Court's order on summary judgment (Dkt. 48). On October 22, 2009, after review of Defendant's motion for reconsideration and the remainder of the file, the Court ordered Plaintiff to file a response to Defendant's motion (Dkt. 58), pursuant to Local Rule 7(h)(3). Dkt. 63. The Court did not order Defendant to

file a reply to Plaintiff's response on the motion for reconsideration (Dkt. 58), pursuant to Local Rule CR 7(h)(3). *See id*. On October 27, 2009, Plaintiff filed its response (Dkt. 75) to Defendant's motion for reconsideration (Dkt. 58).

## II. FACTUAL BACKGROUND

A complete factual account of this matter is presented in the order on Plaintiff's motion for partial summary judgment. Dkt. 48 at 1-5. The current issues arise out of Defendant's motion to reconsider the Court's order of partial summary judgment. Dkt. 58.

In its order, the Court made several rulings that Defendant challenges in the current motion. First, the Court concluded that a question of fact exists as to whether Defendant's answers to questions 33B, 36A, 36B, 36C, and 38 were fraudulent misstatements. Dkt. 48 at 12-16. Second, the Court concluded that Plaintiff was entitled to rescind Defendant's insurance policy D942877 because Defendant made a fraudulent misstatement in answering question 13 of the oral personal history interview ("Interview"). *Id*. at 16-18. With respect to policy D1039334, the Court granted partial summary judgment on the issue of materiality if it were established at trial that the application questions in dispute were answered with the Defendant knowing their falsity. *Id*. at 18.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1); *Goodstein v. Continental Cas. Co.*, 509 F.3d, 1042, 1051 (9th Cir. 2007) (applying Local Rule 7(h) to affirm denial of motion for reconsideration where information was available to the moving party before summary judgment was considered).

Where summary judgment has been entered, "'after thoughts' or 'shifting of ground' are not an appropriate basis for reconsideration." *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987). The Ninth Circuit has been consistent in affirming denials of reconsideration where the moving party failed to raise arguments or facts available to him or her prior to the entry of summary judgment. *Rosenfeld v. U.S. Department of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (no abuse of discretion in declining to consider an argument "raised for the first time on reconsideration without a good excuse"); *see also*, *Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir. 1992) ("A defeated litigant cannot set aside judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court.").

**A.     Oral Personal History Interview**

Defendant moves the Court to reconsider its order of partial summary judgment to the extent it was based on the Interview. Defendant argues that the Interview was not admissible evidence as it was never authenticated.

"It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) (citing Fed. R. Civ. P. 56(e), *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n. 9 (9th Cir. 1980)). However, "affidavits and documents not in compliance with [Fed. R. Civ. P.] 56(e) *may nonetheless be considered* by the trial court and will support a judgment in the absence of an objection by counsel." *Faulkner v. Federation of Preschool & Cmty. Ed. Centers, Inc.*, 564 F.2d 327, 328 (9th Cir. 1977) (emphasis added) (citing *United States v. Dibble*, 429 F.2d 598, 603 (9th Cir. 1970)).

In *Beyene*, the court held that summary judgment was entered in error because "Beyene raised *timely* objections to [the admissibility of] Exhibits 6 and 7 in her opposition papers. She objected on the grounds that the *evidence* contained in these

ORDER – 3

exhibits was hearsay and lacked foundation." *Id*. at 1182 (emphasis added). The facts in *Beyene* are distinguishable from the facts of this case.

Here, unlike the moving party in *Beyene*, Defendant failed to timely object to Plaintiff's use of the Interview as evidence. *See* Dkt. 32 (Defendant's opposition to Plaintiff's motion for summary judgment). In fact, Defendant's only argument that related to the Interview, in his opposition to summary judgment, pertained to whether or not an oral interview could be used to rescind a disability contract. *Id*. at 21 (motion to strike use of the Interview based on Defendant's incorrect interpretation of RCW 48.18.090).

Defendant, for the first time, in his motion for reconsideration, questions whether the Interview really took place. *See* Dkt. 58 at 2. Defendant also argues for the first time that the Interview cannot be used by Plaintiff on the basis that it was not a part of his policy because it was not attached or otherwise made a part of his policy. Dkt. 58 at 4 (relying on RCW 48.18.080(1) and *N. Am. Specialty Ins. Co. v. Bjorn G. Olsen Bldg., Inc.*, 2009 WL 2060799, *4-*5 (W.D. Wash. 2009)). These arguments are unavailing for several reasons. First, Defendant failed to raise such arguments in his opposition to summary judgment. Dkt. 32. Second, at a minimum, Defendant has been aware of the Interview document since his deposition on May 13, 2009, over three months before Plaintiff's motion for summary judgment (Dkt. 27). Dkt. 59 at 8. Third, in his deposition, Defendant was provided with the record of the Interview, and admitted that he had "no reason to believe [the Interview] did not occur." *Id*. Further, Defendant was aware of Plaintiff's intent to use the Interview against him as a means to establish grounds for rescinding his insurance policies. *See* Meye Decl., Ex. F; *see also* Dkt. 27 (Plaintiff's motion for summary judgment highlighting the fact that the Interview was conducted as part of the application process and evidencing his intent to deceive Plaintiff in obtaining disability insurance).

Based on these facts, the Court finds that the arguments and legal theories now being presented by Defendant in his motion for reconsideration (Dkt. 58) were "clearly

ORDER – 4

within [his] province" when the Court considered and partially granted Plaintiff's motion for summary judgment (Dkt. 48). *See, e.g., Fay Corp*, 651 F. Supp. at 309. Therefore, the Court denies Defendant's motion for reconsideration on this issue because Defendant's evidentiary objections could have and should have been presented in his opposition to Plaintiff's motion for summary judgment.

**B.      Incontestability Contract Clauses**

Defendant also moves the court to reconsider its position on whether the intent to deceive is necessary in order to rescind his insurance agreements. He reasons that provision 7.2 of his insurance agreements requires a showing of "fraudulent misstatement," which in turn requires, among other things, an intent to deceive. *See* Dkt. 58 at 4 (motion for reconsideration). Provision 7.2, titled "TIME LIMIT ON CERTAIN DEFENSES," provides as follows:

> In issuing this policy, the Company has relied on the application. The Company may rescind the policy or deny a claim due to a misstatement in the application. However, after this policy has been in force for two years from the Date of Issue, *no misstatement except a fraudulent misstatement*, in the application may be used to rescind the policy or to deny a claim for a disability or loss that starts after the two year period.

Friedman Declaration, Ex. 3 at 10 (emphasis added). It is undisputed that the only appropriate means by which Plaintiff may rescind Defendant's insurance policies is based on fraudulent misstatements. Further, any attempt to do so would be futile considering such a clause is required in Washington disability insurance policies. RCW 48.20.052 (requiring the type of provision found in Defendant's insurance policies, to limit certain defenses). The fraudulent misstatement portion of this provision is applicable in this case because the contracts that Plaintiff now seeks to rescind have been in effect for over two years. *See* Meye Decl. Ex. F (Plaintiff's underwriter providing a time line for Defendant's insurance policies, which clearly establishes the policies had been in force for greater than two years before Defendant sought to rescind them).

ORDER – 5

Defendant, however, seems to confuse this issue in his motion for reconsideration. In one paragraph he asks the Court to apply the "traditional elements of fraud . . . in order to rescind." Dkt. 58 at 5. But two paragraphs later, Defendant asks the court to apply the four-part test outlined in *Cutter & Buck, Inc. v. Genesis Ins. Co.*, 306 F. Supp. 2d 988, 997 (W.D. Wash., 2004). The Court will briefly address this contradiction.

In Washington, "[t]o succeed with a *common law fraud* claim a plaintiff must prove [ ] *nine elements*." *Martin v. Miller*, 24 Wn. App. 306, 308 (1979); *see also*, *Stiley v. Block*, 130 Wn.2d 486, 505 (1996) (emphasis added). The four-element test implemented by the *Cutter & Buck* court for determining whether a fraudulent misstatement was made is obviously not the same test as Washington's nine-element common-law fraud test, though some of the elements may be similar in nature.

In *Cutter & Buck*, the court held that rescission is permitted where "(1) [the insured] represented certain information as truthful to [the insurer] during the negotiation of the insurance contract, (2) those representations were untruthful; that is, they were misrepresentations, (3) the misrepresentations were material, and (4) they were made with the intent to deceive [the insurer]." 306 F. Supp. 2d at 997. This four-element test comports with the means by which other jurisdictions have handled such matters and with learned treatises on the subject. *See Provident Life and Accident Ins. Co. v. Sharpless*, 2003 WL 1680476 (M.D. La. 2003) (setting out a similar fraudulent misstatement defense test to that in *Cutter & Buck*); *see also* 16 Williston on Contracts § 49:97 (4th ed.) (approvingly citing *Sharpless* and stating that "unless 'fraudulent misrepresentation' is expressly excepted from the scope of the incontestability clause," the insurer must "prove that the insured had an intent to deceive.").

Here, to the extent Defendant is requesting the Court to reconsider whether, before rescission is warranted, Plaintiff must prove the nine elements of common law fraud, Defendant's motion is denied based on the foregoing case law.

The Court adopts the test in *Cutter & Buck* as the proper test to determine whether a fraudulent misstatement was made. Further, in entering its finding of partial summary judgment with respect to policy D942877, the Court did find that "Defendant failed to provide credible evidence from which a jury could conclude that the alleged misrepresentations were made without the *intent to deceive*." Dkt. 48 at 18 (emphasis added) (original quotations omitted). To the extent the Court's order of partial summary judgment could be read to imply that Plaintiff is relieved from establishing Defendant's fraudulent misstatements, if any, without showing Defendant's intent to deceive in making his statement(s), the Court vacates any such finding. Plaintiff, consistent with the *Cutter & Buck* test, is required to show that Defendant made his statement with an intent to deceive before the statement may be considered a fraudulent misstatement.

With respect to policy D942877, the Court found that Plaintiff established the elements for showing a fraudulent misstatement, including the intent to deceive. *Id.* Therefore, because Defendant has failed to meet his burden, the Court denies his motion for reconsideration on this issue. For trial, this leaves open only the question as to whether Plaintiff is entitled to rescind policy D1039334.

## C. Presumption of Materiality

Defendant also moves the Court to reconsider its order on partial summary judgment with respect to its ruling on the presumption of materiality with respect to policy D1039334. Dkt. 58 at 6-7. In the Court's order, the Court concluded that materiality will be presumed if "it be found by a fact finder that Defendant, in fact, knowingly provided false answers to any of the relevant questions." Dkt. 48 at 18. In other words, the Court concluded that were it to be shown that Defendant knowingly provided false answers to a question, then implicitly he understood what information was being solicited by Plaintiff in asking that question, and therefore, it would be established that Plaintiff sought information on a certain matter and would be entitled to the presumption of materiality. Dkt. 48 at 18 (relying on the means established for finding

materiality outlined in *Cutter & Buck*, 306 F. Supp. 2d at 997). Such a ruling constitutes clear error based on the relevant law.

The elements identified in *Cutter & Buck* require a showing that both a false statement was made with the intent to deceive and that such a statement was material to the issuance of the policy. *See Cutter & Buck*, 306 F. Supp. 2d at 997. These elements are separate and distinct and both may involve questions of fact. For example, materiality is ordinarily a question of fact. *See, e.g., Cutter & Buck*, 306 F. Supp. 2d at 1003 (citing *Olson v. Bankers Life Ins. Co.*, 63 Wn. 2d 547, 552 (1964)). Where "an insurer asks no information in regard to a certain matter, it is a fair assumption that it regards the matter as immaterial." *Id.* (quoting *Uslife Credit Life Ins. Co. v. McAfee*, 29 Wn. App. 574, 577 (1981)). Put another way, materiality turns on the issue of what was being asked of the insured at the time of the application.

With respect to policy D1039334 (the only remaining policy in dispute), the Court concluded that a question of material fact existed as to whether Defendant provided false answers to the questions in dispute. *See* Dkt. 48 at 12-16 (discussing questions 33B, 36A, 36B, 36C, and 38 of policy D1039334). Specifically, the Court found that it was disputable as to what information was actually being solicited from Defendant by these questions. That being the case, it would be clear error for the Court to presume that a question solicited material information when the scope of the question has yet to be determined. *See, e.g., Cutter & Buck*, 306 F. Supp. 2d at 1003 (where "an insurer asks no information in regard to a certain matter, it is a fair assumption that it regards the matter as immaterial." (quoting *McAfee*, 29 Wn. App. at 577 (1981)).

In short, by presuming the element of materiality, the Court would contradict the finding that a question of fact remains regarding what information Plaintiff actually solicited from Defendant in the application for policy D1039334. Therefore, Defendant's motion for reconsideration is granted on this issue and the order of partial summary judgment is vacated with respect to its ruling on the presumption of materiality.

ORDER – 8

Therefore, Plaintiff must prove materiality as well as falsity and intent to deceive in order to establish that Defendant made a fraudulent misstatement.

## IV. ORDER

It is hereby **ORDERED** that Defendant's motion for reconsideration (Dkt. 58) is hereby **GRANTED in part** and the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment (Dkt. 48) is **VACATED** solely on the issue of presuming materiality. The remainder of Defendant's motion for reconsideration (Dkt. 58) is **DENIED**.

DATED this 2nd day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge