UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

v.

RICHARD L. KOCH, an individual,

    Defendant.

CASE NO. C08-5394BHS

ORDER GRANTING
DEFENDANT'S MOTION
FOR TRIAL BY JURY ON
THE ISSUE OF PUNITIVE
DAMAGES

This matter comes before the Court on Defendant's Motion for Trial by Jury on the Issue of Punitive Damages. Dkt. 26. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 23, 2008, Plaintiff filed a complaint against Defendant seeking declaratory judgment that it was entitled to rescind certain insurance contracts that it issued to Defendant. Dkt. 1. Defendant counterclaimed that, among other things, Plaintiff violated the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015. Dkt. 6 ¶¶ 43-45. On August 18, 2009, Defendant filed a Motion for Trial by Jury on the

ORDER - 1

Issue of Punitive Damages. Dkt. 26. On September 8, 2009, Plaintiff responded. Dkt. 30. On September 11, 2009, Defendant replied. Dkt. 31.

It is undisputed that the Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The current issue before the Court arises out of Defendant's claim that Plaintiff violated IFCA by unreasonably denying insurance coverage for the disability insurance policy D1039334. In pertinent part, IFCA provides as follows:

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
> (2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.

RCW 48.30.015. Defendant requests a ruling that he is entitled to a jury on RCW 48.30.015(2).

A more complete factual and procedural background is contained in the Court's order of partial summary judgment. Dkt. 48.

## II. DISCUSSION

In 2007, the Washington Legislature enacted RCW 48.30.015(2) allowing insureds, in certain circumstances, a right to increased "damages." The statute provides that the "court may" increase the damages. Neither party disputes that the statute directs the judge to determine the amount, if any, of increased damages. The Court agrees with this interpretation. Thus, if this action were tried in state court, the instant issue would be moot. The question before the court, however, is whether, under the Seventh Amendment, an insured has a right to a jury on the issue of increased damages when a claim under RCW 48.30.015 is brought in federal court. The Court is unaware of any binding or persuasive precedent resolving an apparent inconsistency between the Washington statute and the Seventh Amendment.

ORDER - 2

Because the Court's jurisdiction in this action is based on complete diversity, the Court must engage in a three-part choice-of-law analysis to determine whether Defendant is entitled to a jury. *Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965). If there is a valid Federal Rule of Procedure on point, then the court must follow federal law. *Id.* at 473-474 ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act.").

If there is no direct conflict, the Court must follow the *Erie* doctrine and apply state law on substantive issues and federal law on procedural issues. *Id.* at 468 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The Court's review of the substantive or procedural nature of the state law in question must be informed by "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* Finally, the Court must consider whether an overriding federal interest requires application of federal law despite the substantive nature of the state law in question. *See Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 537-39 (1958).

In this case, Defendant argues that Fed. R. Civ. P. 39 is "on point." Dkt. 31 at 3. Rule 39 provides that "[w]hen a jury trial has been demanded under Rule 38, . . . trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Rule 38 provides that the "right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." The Court agrees that Rule 39 is "on point" if the Seventh Amendment provides the individual right to a trial by jury on the issue punitive damages.

The Seventh Amendment provides as follows:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried

> by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend VII. The Court is unaware of any Supreme Court or Ninth Circuit case that directly holds that the "right to jury" clause of the Seventh Amendment includes the issue of punitive damages. In fact, the Supreme Court has stated that the "Seventh Amendment is silent on the question whether a jury must determine the remedy in a trial in which it must determine liability." *Tull v. United States*, 481 U.S. 412, 425-426 (1987). The Court also stated that "[n]othing in the Amendment's language suggests that the right to a jury trial extends to the remedy phase of a civil trial." *Id.* at 426, n. 9.

There is, however, a separate line of cases on the scope of the Seventh Amendment. The Third Circuit, in interpreting an almost identical Pennsylvania statute, found "*Tull* inapposite" to the question of whether the Seventh Amendment provides a right to a jury trial on the issue of punitive damages. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 235-236 (3rd Cir. 1997). The court reasoned that

> the appropriate precedent is [*Curtis v. Loether*, 415 U.S. 189, 192 (1974)], in which the Court held that a "damages action under [42 U.S.C. § 3612] . . . is analogous to a number of tort actions recognized at common law. More important, the relief sought here-actual and punitive damages-is the traditional relief offered in the courts of law." *Id.* at 195-96. Thus, we conclude that the punitive damages remedy in a statutory bad faith action under [the Pennsylvania statute] triggers the Seventh Amendment jury trial right, a result consistent with several [Pennsylvania district court] cases that have decided the issue.

*Klinger*, 115 F.3d at 236.

In this case, the Court finds that the *Klinger* reasoning is persuasive because the Supreme Court has recognized that "punitive damages" are a type of "traditional relief offered in the courts of law." *Curtis*, 415 U.S. at 195. The Seventh Amendment preserved the right to a jury on these traditional types of relief. *Id.* at 195-196.

Plaintiff, however, contends that the Seventh Amendment is not implicated because increased damages under RCW 48.30.015(2) are not "punitive" damages. Dkt. 30 at 10. This argument is not persuasive. While it is true that there is no common law right to punitive damages in Washington, *see, e.g., Dailey v. North Coast Life Ins. Co.*,

ORDER - 4

129 Wn.2d 572, 575 (1996), the Washington Supreme Court's "long-standing rule prohibit[s] punitive damages *without express legislative authorization*." *Id.* (emphasis added). By enacting RCW 48.30.015(2), the Washington legislature expressly authorized an award of up to three times actual damages. Moreover, the *Dailey* court recognized that the "increased damages" language contained in a different statute was an explicit authorization of punitive damages. *Dailey*, 129 Wn.2d at 577 (citing RCW 19.86.090 ("the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained")). Therefore, the Court finds that RCW 48.30.015(2) is an express authorization of punitive damages.

Because the Seventh Amendment provides that a party in federal court is entitled to a jury on the issue of punitive damages, Federal Rules of Civil Procedure 38 and 39 are on point for the issue of whether Defendant is entitled to a jury on his claim for increased damages under RCW 48.30.015(2). If there is a valid Federal Rule of Procedure on point, then the court must follow federal law. *Hanna*, 380 U.S. at 473-474. The Court is bound by the Federal Rules of Procedure and need not consider the remaining elements of the choice of law analysis.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Trial by Jury on the Issue of Punitive Damages (Dkt. 26) is **GRANTED**.

DATED this 9th day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge