| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY, a<br>foreign corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>RICHARD L. KOCH, an individual,<br><br>                Defendant | CASE NO. C08-5394BHS<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION FOR<br>RECONSIDERATION OF<br>PARTIAL SUMMARY<br>JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 77). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Plaintiff's motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 3, 2009, Plaintiff filed a motion for partial summary judgment. Dkt. 27. On October 15, 2009, the Court granted in part and denied in part Plaintiff's motion. Dkt. 48.

On October 21, 2009, pursuant to Local Rule CR 7(h), Plaintiff filed a motion for reconsideration (Dkt. 77) of the Court's order on summary judgment (Dkt. 48). The Court did not order any responsive pleadings to Plaintiff's motion for reconsideration (Dkt. 77). *See* Local Rule CR 7(h)(3).

ORDER – 1

## II. FACTUAL BACKGROUND

A more complete factual account of this matter is presented in the order on Plaintiff's motion for partial summary judgment. Dkt. 48 at 1-5. The current issues arise out of Plaintiff's motion to reconsider the Court's order of partial summary judgment. Dkt. 77.

In the order on summary judgment (Dkt. 48), the Court concluded that Plaintiff was entitled to summary judgment on the issue of rescission for Defendant's insurance policies D942881 and D942877. Dkt. 48 at 21. The Court concluded that a question of fact remained as to whether Dr. Koch provided fraudulent misstatements in answering questions related to the issuance of insurance policy D1039334. *Id*. In doing so, the Court necessarily could not dismiss Defendant's bad faith counterclaim as the propriety of Plaintiff's decision to rescind Defendant's policy D1039334 remained a question for the jury. *Id*.

Plaintiff, in its motion for reconsideration, contends that (1) it was error for the Court to have concluded that summary judgment was not proper with respect to policy D1039334 and (2) it was, therefore, error not to dismiss Defendant's counterclaim for bad faith. Dkt. 77.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1); *Goodstein v. Continental Cas. Co.*, 509 F.3d, 1042, 1051 (9th Cir. 2007) (applying Local Rule 7(h) to affirm denial of motion for reconsideration where information was available to the moving party before summary judgment was considered).

ORDER – 2

Plaintiff moves the Court to reconsider (1) its ruling denying summary judgment regarding Plaintiff's right to rescind Defendant's disability insurance policy D1039334; and (2) its ruling denying Plaintiff's motion to dismiss Defendant's bad faith claim related to this policy. Plaintiff asserts that it would be clear error to do otherwise. Dkt. 77 at 1.

As it relates to rescinding the D1039334 policy, Plaintiff predicates its motion on the basis that (1) Defendant knew that his answer to the question about psychiatrists or psychologists on his 1992 personal history interview and his 1992 declarations to the medical examiner were false, and viewed Question 36A in his 1994 application as seeking the same information (Dkt. 77 at 7-8); and (2) that the court should have considered its rulings regarding policies D942881 and D942877 as "other acts" evidence in determining whether Defendant provided fraudulent misstatements to Plaintiff regarding policy D1039334, which would be grounds for Plaintiff to rescind policy D1039334 (Dkt. 77 at 9-10).

Plaintiff first argues that the policies were all connected. *Id*. at 3. In doing so, Plaintiff argues that policy D942877 was a "base policy" for D1039334 and that had Plaintiff known that policy D942877 was the product of fraudulent misstatements, it would never have issued policy D1039334. *Id*. at 1. In its motion for reconsideration, Plaintiff argues but does not factually support its contention that the policies are integrated in such a way that the rescission of the prior policies requires rescission of policy D1039334. *See id*. However, it has previously attempted to make the same argument with factual support. Prior to this instant motion, in an effort to tie all the insurance agreements together, Plaintiff relied on "Doc 600," which it claimed contained Defendant's assertion that "all of the information he provided in his 1992 application was still true and correct" and was the basis on which the issuance of policy D1039334 was predicated. Dkt. 55 at 3 (Plaintiff's opposition to Defendant's motions in limine Nos. 1-11, citing Howard Declaration, dated September 3, 2009, at Exhibit 10 ("Howard Decl.") (discussing "Doc 600"). But this document does not support Plaintiff's contention. *See*

ORDER – 3

*id*. In fact, "Doc 600" reads, in pertinent part, that "I declare that the answers and statements contained in *this* supplement are correctly recorded, complete . . . ." *Id.* (emphasis added). Although this statement makes reference to the earlier policy D942877, it does not mean that each insurance document may be regarded as one fully integrated contract. The Court finds Plaintiff's argument and failure to cite supporting facts from the record to be misleading and unavailing to its motion for reconsideration.

Plaintiff next argues that it should be entitled to rescind policy D1039334 on the basis that Defendant admitted in his deposition that he understood that the prior applications solicited the same information in question 36A as the 1994 application. Dkt. 77 at 4-5. To support this position, Plaintiff cites to Defendant's deposition and claims that Defendant has provided no admissible evidence to rebut Plaintiff's position. *See id.* (quoting Defendant's Deposition, Howard Decl., Ex. A). However, the same portion of the deposition also contains the following exchange:

> Q. Now, you certainly know that to the extent you identified any treating physician or practitioner, you would have to have disclosed them down here like the others, correct?
> A. *After our discussion today*, that's very obvious, yes.

*Id*. When the full deposition testimony is viewed in the light most favorable to the Defendant, it creates a question of fact as to whether Defendant knowingly provided false information when he answered question 36A or whether it was only after an explanation of what the question was asking, that Defendant agreed his answer to 36A was false. *See id*. Further, the deposition does constitute admissible evidence and Defendant did argue this point in his briefing in opposition of summary judgment. Dkt. 32 at 12. Therefore, based on there being a question of fact, the Court denies Plaintiff's motion for reconsideration on this issue.

Plaintiff also argues that the court should have considered Defendant's "prior wrongful acts" under Federal Rule of Evidence 404(b). *Id*. at 9. However, to the extent such evidence is admissible, it remains an issue for the jury to consider. Therefore, the

Court denies Plaintiff's motion for reconsideration on this issue.

Finally Plaintiff moves the Court to reconsider its ruling on Defendant's bad faith counterclaims. *Id*. at 10-11. This argument is necessarily predicated on the Court granting Plaintiff's motion for reconsideration (Dkt. 77) on summary judgment with respect to policy D1039334. Because the Court denies that motion herein, the Court must also deny reconsideration on the issue of Defendant's bad faith counterclaim.

Ultimately, Plaintiff has failed to show manifest error or that new facts or legal authority exist that could not have been brought to the Court's attention earlier with reasonable diligence. *See* Local Rule 7(h).

## IV. ORDER

It is hereby **ORDERED** that Plaintiff's motion for reconsideration (Dkt. 77) is hereby **DENIED**.

DATED this 9th day of November, 2009.

BENJAMIN H. SETTLE
United States District Judge