UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD L. KOCH, an individual,<br><br>Defendant. | CASE NO. CC08-5394BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND JUDGMENT AND DENYING DEFENDANT'S MOTION FOR *OLYMPIC STEAMSHIP* ATTORNEY FEES AND EXPENSES |

This matter comes before the Court on Defendant's Motion to Amend Judgment (Dkt. 140) and Defendant's Motion for *Olympic Steamship* Attorney Fees and Expenses (Dkt. 143). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendant's Motion to Amend Judgment (Dkt. 140) and denies Defendant's Motion for *Olympic Steamship* Attorney Fees and Expenses (Dkt. 143) for the reasons stated herein.

**I. PROCEDURAL BACKGROUND**

On June 23, 2008, Plaintiff filed a complaint against Defendant in this matter. Dkt. 1. On September 3, 2009, Plaintiff moved the Court to enter summary judgment against Defendant. Dkt. 27. On October 15, 2009, the Court granted in part and denied in part Plaintiff's motion for summary judgment. Dkt. 48. On October 21, 2009, Defendant moved the Court to reconsider its order on summary judgment. Dkt. 58. On October 29,

ORDER - 1

2009, Plaintiff also moved the Court to reconsider its summary judgment order. Dkt. 77. On November 2, 2009, the Court granted in part and denied in part Defendant's motion for reconsideration of its summary judgment order. Dkt. 82. On November 9, 2009, the Court denied Plaintiff's motion for reconsideration of its summary judgment order. On November 10, 2009, a jury trial commenced in this action (Dkt. 107). At the close of trial and prior to the jury deliberating, the court denied both parties' Rule 50(a) motions for judgment as a matter of law. Trial Tr., Vol. 4 at 600-01. On November 19, 2009, the trial concluded when the jury returned its verdict finding in favor of Defendant; the Court entered judgment accordingly. Dkt. 135. On December 4, 2009, Plaintiff renewed its motion for judgment as a matter of law. Dkt. 145. The Court stayed the entry of decision on the instant motions (motion for *Olympic Steamship* fees and to amend judgment) until it ruled on Plaintiff's renewed motion for judgment as a matter of law (Dkt. 145), which the Court subsequently denied on February 4, 2010 (Dkt. 172).

**A.     Defendant's Motion to Amend Judgment**

On December 12, 2009, Defendant moved the court to amend the judgment. Dkt. 140. On December 14, 2009, Plaintiff opposed the motion. Dkt. 149. Defendant did not reply.

**B.     Defendant's Motion for *Olympic Steamship* Attorney Fees and Expenses**

On December 3, 2009, Defendant moved the Court to enter *Olympic Steamship* attorney fees and expenses. Dkt. 143. On December 16, 2009, Plaintiff opposed the motion. Dkt. 157. On December 21, 2009, Defendant replied.

## II. FACTUAL BACKGROUND

A complete factual account of this matter is presented in the order on Plaintiff's motion for partial summary judgment. Dkt. 48 at 1-5.

In short, the facts are these: Plaintiff sought declaratory judgment to validate its rescission of each of the three insurance policies it issued to Defendant. Dkt. 48 at 1. Before trial, Plaintiff contended that Defendant knowingly provided false answers in his

insurance applications regarding material questions. *Id*. The three insurance policies at issue were numbered D942877, D942881, and D1039334. *Id*. at 2.

Defendant did not dispute the rescission of D942881. The Court entered summary judgment in favor of Plaintiff on policies D942877 and D942881. *See id*. at 22 (concluding that Defendant obtained both policies through fraud). Following this judgment, the only policy left for the jury to decide upon at trial was Defendant's disability insurance policy D1039334. *Id*. The jury returned a verdict in favor of Defendant, finding that Plaintiff was not entitled to rescind policy D1039334. Dkt. 133.

Defendant now moves the court to amend the judgment (Dkt. 140) and for an award of *Olympic Steamship* attorney fees (Dkt. 143).

## III. DISCUSSION

**A.     Defendant's Motion to Amend Judgment**

Defendant moves the court to amend the judgment in his favor to reflect the benefits owed under his reinstated contract. Dkt. 140. Plaintiff only opposed this motion on the basis that the motion would be moot if the Court granted Plaintiff's motion for judgment as a matter of law. Dkt. 145. Because the Court denied that motion (Dkt. 172) and because Plaintiff raised no other objection to so amending the judgment, the Court finds good cause to amend the judgment.

Therefore, the judgment is amended in accord with Defendant's motion (Dkt. 140), to the extent quoted here: "in favor of Dr. Koch to reflect reinstatement of Dr. Koch's benefits, a principal judgment amount of $61,656 for back benefits plus prejudgment interest at the statutory rate of 12% through November 19, 2009 in the sum of $8,705.44." Dkt. 140 at 1-2.

**B.     Defendant's Motion for *Olympic Steamship* Attorney Fees and Expenses**

Defendant moves the Court to award *Olympic Steamship* attorney fees and expenses. Dkt. 143; *see also Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991). "Under Washington law, a court has no authority to award attorney fees to a

party in the absence of contract, statute, or recognized ground of *equity* permitting fee recovery." *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280 (1994) (emphasis added). In a "narrow exception" to this rule, the Washington State Supreme Court held that an insured may recover reasonable attorney fees where the insurer, by denying coverage, "compels the insured to [take] legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer's duty to defend is at issue." *Olympic Steamship Co.*, 117 Wn.2d 37. The term "coverage" means "the assumption of risk of occurrence of the event insured against before its occurrence." *Ryan v. Cuna Mut. Ins. Soc'y*, 84 Wn.2d 612, 615 (1974).

Plaintiff argues it insured against the risk of Defendant becoming disabled under the meaning of his insurance policy. Dkt. 157 at 5. Plaintiff argues it did not insure against Defendant's fraud. Defendant argues he was forced to litigate this matter so that he may obtain the full benefit of his bargain. Dkt. 159 at 2.

Plaintiff makes what seems to be an argument of semantics. It appears from the record that Plaintiff brought the rescission action against Defendant to avoid paying the coverage owed on the basis of Defendant's alleged fraud. *See* Dkt. 1; *see also* Dkt. 27 (claiming litigation arose from Plaintiff's "decision to deny *coverage*") (emphasis added). Because Defendant's request for attorney fees fails for other reasons, discussed below, the Court assumes but does not decide that this matter involves a "coverage" issue, which would justify awarding Defendant the requested *Olympic Steamship* attorney fees and expenses.

       **1.**  **Unclean Hands**

A court's award of *Olympic Steamship* attorney fees is an equitable remedy. *Polygon Northwest Co. v. American Nat. Fire Ins. Co.*, 143 Wn. App. 753, 795-96 (citing *McRory v. N. Ins. Co. of New York*, 138 Wn.2d 550, 554-55 (1999) (quoting *Olympic Steamship*, 117 Wn.2d at 52-53)). It is well settled that equitable remedies are unavailable to parties that come to court with "unclean hands." *Income Investors v. Shelton*, 3 Wn.2d

599, 602 (1940). Where acts that create "unclean hands" relate to the same transaction or controversy, this rule restraining a court's award of equitable remedies applies. *McKelvie v. Hackney*, 58 Wn.2d 23, 31 (1961) (holding that a claimant is disqualified from equitable relief where that person unjustly acted in the very transaction concerning that which he complains).

Plaintiff argues that Defendant came to the court with unclean hands and should, therefore, be denied the equitable relief of *Olympic Steamship* attorney fees. Plaintiff supports its position by pointing to the facts that (1) Defendant conceded fraud on policy D942881 when he did not dispute its rescission, as fraudulent misstatements constitute the only basis for rescission; and (2) the Court found Defendant had obtained policy D942877 by way of fraudulent misstatements. Dkt. 48 (entry of partial summary judgment). The controversy in the instant matter arose out of the relationship between the parties as insurer and insured. The disability insurance provided under policy D1039334 expanded the coverage already obtained by Defendant under policy D942877. Plaintiffs alleged fraud based on Defendant's applications for these three interrelated, though unintegrated, contracts. The Court concludes that Plaintiff's allegations relating to these three contracts comprise the same controversy, though not the same transaction.

Because the remaining policy, D1039334, relates to the same controversy, Defendant's fraud on the other policies evidences his "unclean hands" and prevents him from obtaining equitable relief in the form of *Olympic Steamship* attorney fees. *Compare* Dkt. 48 (finding fraud on policies D942881 and D942877) with Dkt. 130 (jury finding no fraud on D1039334).

### 2. Prevailing Party

Even if Defendant came to the court in this controversy with "clean hands," Plaintiff argues that Defendant is not entitled to *Olympic Steamship* attorney fees because he cannot establish that he is the prevailing (or substantially prevailing) party in this matter. Dkt. 157 at 9. Defendant contends he is entitled to *Olympic Steamship* fees on the

basis that Plaintiff compelled him to "assume the burden of legal action to obtain the full benefit of the insurance contract." Dkt. 159 at 4 (quoting *McGreevy*, 128 Wn.2d 26, 32 (1995)).

Defendant reads *McGreevy* to hold that a "prevailing party" analysis does not attach to the award of *Olympic Steamship* fees. Dkt. 159 at 4. However, this interpretation is at odds with *McGreevy* itself. The Washington Supreme Court concluded the *McGreevy* opinion as follows: "In sum, we reaffirm our holding in *Olympic Steamship* . . . . Because McGreevy requested attorney fees . . . *and is the prevailing party* . . . , we award to her . . . reasonable attorney fees." 128 Wn.2d at 40 (emphasis added).[1] Stated differently, *Olympic Steamship* fees are only available to the prevailing party. *Id*. The prevailing party is the party who receives an affirmative judgment in their favor. *Riss v. Angel*, 131 Wn.2d 612, 633(1997). Where neither party wholly prevails, the Court looks to the party considered to have substantially prevailed. *Hertz v. Riebe*, 86 Wn. App. 102, 105 (1997). In Washington, determining the "substantially prevailing party . . . depends upon the extent of relief afforded the parties." *Riss*, 131 Wn.2d at 633. When both parties prevail on a major issue, neither party is a prevailing party. *Hertz*, 86 Wn. App. at 105.

Here, the Court does not consider Defendant to be the prevailing party because, while Plaintiff did prevail on his breach of contract claim at trial, he did not prevail on his other claims before and during trial. Dkt. 48 (summary judgment in favor of Plaintiffs with regard to policies D942881 and D942877) and Dkt. 135 (jury verdict in favor of Defendant on breach of contract). The court also does not consider Defendant to be the "substantially prevailing" party. *See Riss*, 131 Wn.2d at 633. Nominally, were Defendant to prevail on each of his claims, he asserted damages of approximately $10,000,000 based on the value of his three policies and other damages, such as emotional distress and treble damages. However, Defendant only obtained a judgment equivalent to approximately

---

[1] Although *McGreevy* concerned the award of attorney fees on appeal and the instant matter relates to attorney fees at trial, this is a distinction without a difference.

ORDER - 6

four percent of his original counterclaims. *See* Dkt. 144, Ex. 8 ¶ 5; *see also* Dkt. 6 (answer to complaint asserting counterclaims). Further, while Plaintiff prevailed on rescinding two of the insurance agreements, Defendant only prevailed on reinstating one of the three agreements. Therefore, the Court concludes that Defendant should not recover attorney fees under *Olympic Steamship*. *See McGreevy*, 128 Wn.2d at 40.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Amend Judgment (Dkt. 140) is **GRANTED** and Defendant's Motion for *Olympic Steamship* Attorney Fees and Expenses (Dkt. 143) is **DENIED**.

DATED this 10th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge