UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a foreign corporation,

Plaintiff,

v.

RICHARD L. KOCH, an individual,

Defendant.

CASE NO. C08-05394BHS

ORDER GRANTING MOTION TO CORRECT JUDGMENT

This matter comes before the Court on Plaintiff's Motion to Correct Judgment ("Motion") (Dkt. 189). The Court has considered the pleadings filed in support of, and in opposition to, the Motion and the remainder of the file. For the reasons set forth below, the Court hereby grants the Motion.

**I. PROCEDURAL HISTORY**

On June 23, 2008, The Northwestern Mutual Life Insurance Company ("NWM") filed a complaint, seeking declaratory judgment against Richard L. Koch ("Dr. Koch").

Dkt. 1. Dr. Koch answered the complaint, and filed counterclaims, on August 4, 2008. Dkt. 6. NWM answered the counterclaims on August 21, 2008. Dkt. 7.

On September 3, 2009, NWM moved for summary judgment against Dr. Koch. Dkt. 27. After reviewing Dr. Koch's response, and NWM's reply, on October 15, 2009, the Court granted in part, and denied in part, NWM's summary judgment motion ("Summary Judgment Order"). Dkt. 48.

On October 21, 2009, Dr. Koch moved the Court to reconsider its Summary Judgment Order. Dkt. 58. On October 22, 2009, the Court ordered NWM to file a response to Dr. Koch's motion for reconsideration. Dkt. 63. The Court did not order Dr. Koch to file a reply to NWM's prospective response. *See id*. Accordingly, on October 27, 2009, NWM filed its response to the motion for reconsideration. Dkt. 75.

On October 29, 2009, NWM filed its own motion for reconsideration of the Summary Judgment Order. Dkt. 77. On November 2, 2009, the Court granted in part, and denied in part, Dr. Koch's motion for reconsideration (Dkt. 58), and, in so doing, partially vacated the Court's Summary Judgment Order (Dkt. 48). Dkt. 82. On November 9, 2009, the Court denied NWM's motion for reconsideration (Dkt. 77). Dkt. 97.

On November 10, 2009, the parties commenced a six-day jury trial. Dkt. 107. At the close of trial and prior to the jury deliberating, the Court denied both parties' Rule 50(a) motions for judgment as a matter of law. Trial Tr., Vol. 4 at 600-01. On November 19, 2009, the trial concluded with a jury verdict in favor of Dr. Koch; the Court entered judgment accordingly. Dkt. 135.

On December 3, 2009, Dr. Koch filed motions to amend judgment and for attorney's fees. Dkt. 140. On December 4, 2009, NWM renewed its motion for judgment as a matter of law. Dkt. 145. The Court stayed the entry of decisions on Dr. Koch's motions (Dkt. 140) pending a ruling on NWM's renewed motion for judgment as a matter of law (Dkt. 145), which the Court subsequently denied on February 4, 2010 (Dkt. 172). On February 10, 2010, the Court denied Dr. Koch's motion for attorney's fees, but, on February 11, 2010, granted Dr. Koch's motion to amend judgment (Dkt. 173). Dkt. 179.

Also on February 10, 2010, Dr. Koch filed a notice of appeal with the Ninth Circuit. Dkt. 174. On February 24, 2010, NWM cross-appealed. Dkt. 180. On March 23, 2011, the Ninth Circuit denied Dr. Koch's appeal and NWM's cross-appeal, and, in so doing, affirmed the jury's verdict and this Court's judgment, including the Summary Judgment Order. Dkt. 186.

On September 29, 2011, NWM filed the instant motion pursuant to Fed. R. Civ. P. 60(a) or Fed. R. Civ. P. 60(b)(6). Dkt. 189. On October 11, 2011, Dr. Koch responded. Dkt. 191. On October 14, 2011, NWM replied. Dkt. 192.

## II. FACTUAL BACKGROUND

The Court has presented factual accounts of this matter in various orders since this action commenced in June 2008, including in its Summary Judgment Order (Dkt. 48), order granting in part and denying in part Dr. Koch's motion for reconsideration (Dkt. 82), order denying NWM's motion for judgment as a matter of law (Dkt. 172), and order granting Dr. Koch's motion to amend judgment and denying Dr. Koch's motion for

attorney fees and expenses (Dkt. 173). The critical facts relevant to this motion are recounted here.

The central allegation in this action is that Dr. Koch provided NWM with incomplete and false information to obtain three disability policies. Dkt. 1 at 2-4. In its complaint, NWM sought declaratory judgment on essentially two claims: (1) that it was entitled to *rescind* the policies; and (2) that it was entitled to *restitution* in the amount of $24,924, plus prejudgment interest, for benefits paid under policy no. D942877. *Id*.

On September 3, 2009, NWM moved for summary judgment on its claim for rescission, but, notably, did not specify at the time that it sought a ruling on its claim of restitution. *See generally* Dkt. 27. On October 15, 2009, the Court granted summary judgment in favor of NWM on the rescission claim as it pertained to policy no. D942877 (Dkt. 48 at 9); and on November 2, 2009, the Court denied Dr. Koch's motion for reconsideration (Dkt. 82 at 7).

Accordingly, on December 2, 2009, NWM issued to Dr. Koch a check in the amount of $58,922.73 in connection with policy no. D942877. Dkt. 190 at 15-16 (Declaration of James E. Howard, Ex. 3). This amount purportedly represented the full amount of premiums paid by Dr. Koch, plus interest, and offset by the amount of benefits that Dr. Koch received under the rescinded policy. *Id*. On December 24, 2009, Dr. Koch returned the $58,922.73 check to NWM pending the resolution of a prospective appeal.

Dkt. 190 at 18.[1] On March 23, 2011, the Ninth Circuit affirmed the Court's rulings on summary judgment, thereby reinforcing that NWM was entitled to rescind policy no. D942877. Dkt. 186.

On May 18, 2011, Dr. Koch informed NWM that it would no longer pursue further appeals in this action and demanded that NWM reissue a check "representing the full refund of all premiums paid for policy no. D942877 with interest, calculated based on the full amount of the returned premiums." Dkt. 190 at 21. But this time, Dr. Koch required that the "amount of the check *not* be offset by the amount of benefits that [Dr. Koch] received unless [NWM] provide[d] [Dr. Koch] with a copy of an order in this action authorizing such an offset." *Id*. (emphasis added).

Nevertheless, on June 24, 2011, NWM reissued to Dr. Koch a check in the amount of $58,922.73—i.e., the full amount of premiums paid plus interest, and offset by the amount of benefits that Dr. Koch received under policy no. D942877. Dkt. 190 at 23. On June 28, 2011, Dr. Koch once again returned the $58,922.73 check, claiming that it constituted only a "partial refund of premiums paid" for policy no. D942877. Dkt. 190 at 27. At the same time, Dr. Koch sent a letter to the Office of the Insurance Commissioner and NWM's Disability Benefits Division, notifying that he intended to file an action against NWM for "incomplete rescission of disability insurance benefits" pursuant to RCW 48.30.015(8)(a) of the Washington State Insurance Fair Conduct Act ("IFCA").

---

[1] In addition to the $58,922.73 check, on December 2, 2009, it appears that NWM also issued to Dr. Koch a check in the amount of $64,478.15 in connection with this Court's ruling rescinding policy no. D942881 (Dkt. 48 at 9). Dkt. 190 at 15. Dr. Koch accepted that payment. Dkt. 190 at 18. The instant Motion does not seek to correct judgment as to policy no. D942881.

Dkt. 190 at 29-30. On July 19, 2011, NWM issued to Dr. Koch a check in the amount of $91,466.07 in connection with the rescission of policy no. D942877, which amount reflected a *full* refund of premiums paid, plus interest, *without* offset of benefits paid under the policy. Dkt. 190 at 32-33. NWM reserved the right to pursue reimbursement either by reopening the judgment or through a separate action. *Id*. Since then, NWM has made demands for reimbursement of benefits that it paid to Dr. Koch under policy no. D942877. *See* Dkt. 190 at 35, 37. To date, Dr. Koch has refused to pay. *See* Dkt. 190 at 39-41.

NWM now asks the Court to correct its judgment, pursuant to Fed. R. Civ. P. 60(a) or Fed. R. Civ. P. 60(b)(6), as it pertains to policy no. D942877. NWM contends that the Court should make explicit that NWM "is required to return premiums paid, plus interest, on rescinded policy number D942877, and [Dr. Koch] is required to return any benefits paid under policy number D942877 . . . ." Dkt. 189 at 8.

In response, Dr. Koch argues that he need not reimburse NWM for the benefits that NWM paid because NWM never pursued—and the Court never ruled on—NWM's restitution claim. Dkt. 190 at 2. Accordingly, Dr. Koch contends that Rule 60(a) does not apply because there was no clerical mistake or similar oversight with respect to the Court's Summary Judgment Order *Id*. at 4-5. Dr. Koch further contends that Rule 60(b)(6) does not apply because the motion is untimely. *Id*. at 5-7.

## III. DISCUSSION

### A. Previous Order(s) and Judgment Regarding Policy No. D942877

On October 15, 2009, the Court made the following ruling on NWM's motion for summary judgment with respect to policy no. D942877:

> [W]ith respect to policy no. D942877, no question of fact remains for a jury to decide. Plaintiff has provided clear, cogent, and convincing evidence that Defendant intended to deceive Plaintiff by answering question 13 in the negative. Taking these facts in the light most favorable to Defendant, the Court grants Plaintiff's motion for summary judgment with respect to policy D94877 [sic].

Dkt. 48 at 18 (citations omitted). In the same order, the Court confirmed that "Plaintiff may rescind Defendant's insurance polic[y] . . . D942877." *Id.* at 21.

On November 2, 2009, the Court denied Dr. Koch's motion for reconsideration of the Summary Judgment Order. Dkt. 82 at 7. The Ninth Circuit affirmed the Court's ruling on summary judgment rescinding policy no. D942877. Dkt. 186.

### B. Legal Effect of the Court's Previous Order(s) and Judgment

The parties appear to agree that the Court granted NWM the right to rescind policy no. D942877, but appear to disagree on the legal effect of that rescission. In Washington, "[t]o rescind a contract is to declare it void in its inception and to put an end to it as though it never were; . . . .When a contract is legally rescinded, the parties are restored to their status quo generally." *Russell v. Stephens, et al.*, 191 Wn. 314, 315-16 (1937); *see also* 17B C.J.S. CONTRACTS § 651 (2011) ("The restoration of the status quo of the parties is, as a general rule, necessary for the rescission of a contract."). In *Johnson v. Allstate Ins. Co.*, 126 Wn. App. 510 (2005), the court held that an insurer was entitled to

recover payments made to its insured for loss to personal property where the trial court declared the contract void for the insurer's intentional misrepresentation or concealment. *Id*. at 517-18. Although the fraud in the *Johnson* case occurred after the policy was already in effect—as opposed to fraud at the policy's inception (as was the case here)—Dr. Koch has not provided any authority or rationale for why a different result applies here. *See id*. at 516-17; *see also Ogden Martin Sys., Inc. v. San Bernardino County, Cal.*, 932 F.2d 1284, 1287 (9th Cir. 1991) ("In a rescission action, the complaining party may receive restitution for all benefits conferred on the other party, restoring both parties to economic status quo. Restitution is discretionary with the court.") (citations omitted).

Accordingly, the effect of the Court's Summary Judgment Order is that the parties must be restored to their status quo with respect to policy no. D942877, which in this case requires (a) NWM to return the premiums that Dr. Koch paid in connection with the policy and (b) Dr. Koch to reimburse NWM the amount NWM paid out in benefits under the rescinded policy. Viewed in that light, the Court's Summary Judgment Order is not inconsistent with the result that NWM seeks in this motion, and there is technically nothing to "correct." Nevertheless, for sake of clarity, the Court will analyze this Motion under Rule 60(a) to modify its previous judgment.

**C. Relief From Judgment Under Rule 60(a)**

Rule 60 governs relief from a judgment or order. Rule 60(a) reads in part:

> **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice . . . .

A district court has "wide latitude" to invoke Rule 60(a) to "make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990). The rule allows correction of mistakes, "even those not committed by the clerk." *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981).

Here, although the Court acknowledges that NWM failed to secure an explicit ruling on its restitution claim, the Court finds Dr. Koch's efforts to skirt reimbursement unpersuasive under the circumstances.[2] Contrary to Dr. Koch's assertion, the ruling sought under the Motion does not *alter* the parties' "substantive rights," but instead seeks to merely *enforce* a substantive right that NWM has already obtained. The Court has ruled—and the Ninth Circuit has affirmed—that NWM is entitled to rescind policy no. D942877, and, as explained above, that ruling by law requires the parties to restore the status quo by exchanging any payments received under the rescinded policy.

Equity compels this result. The Court never intended that Dr. Koch retain certain benefits that NWM paid to him under a policy that he fraudulently obtained, while he simultaneously profits from the recovery of the premiums that he paid under the same rescinded policy. Indeed, just as the previous order(s) rescinding policy no. D942877 never specified that Dr. Koch reimburse NWM the amount of the benefits, the order(s) also never specified that NWM return to Dr. Koch the premium payments. Yet, that is

[2] Dr. Koch does not dispute that he received certain benefits and never contends that he is actually entitled to any benefits received under the policy. *See generally* Dkt. 191.

the result that legally flows from the order of rescission. *See Lucas v. Andros*, 185 Wn. 383, 386 (1936) ("A rescission must be *in toto*. A party cannot affirm a contract in part and repudiate it in part. He cannot accept the benefits on the one hand while he shirks its disadvantages on the other, . . . .").

Accordingly, to the extent the Court omitted the necessary legal consequences of rescission from its previous order(s), the Court hereby "corrects" its judgment under Rule 60(a) to clarify those legal consequences.

**D. Relief From Judgment Under Rule 60(b)**

Because the Court grants the Motion for the reasons set forth above, the Court need not address whether NWM is also entitled to relief from judgment under Rule 60(b)(6).[3]

**E. Amount of Reimbursement Owed By Dr. Koch**

In support of its Motion, NWM has attached a spreadsheet outlining the $24,924 in benefits that it claims it paid to Dr. Koch under policy no. D942877. Dkt. 190 at 12-13. NWM also has attached a copy of the letter and check establishing that it returned to Dr. Koch the $91,466.07 in premiums that Dr. Koch paid under the rescinded policy. *Id.*

---

[3] Under the Rule 60(b)(6) "catch-all" provision, a court may relieve a party from a final judgment for "any other reason justifying relief." *See Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing rule). To obtain relief under the rule, the moving party generally must show "both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Here, Dr. Koch argues that NWM had ample opportunity to correct any mistake within a reasonable time. Dkt. 191 at 6 (arguing that almost two years have passed since the verdict and more than three years since the complaint was filed). The Court disagrees with Dr. Koch's assessment of what was "reasonable" under the circumstances. As explained, NWM is entitled to restitution as a legal consequence of the Court's ruling rescinding policy no. D942887. When it became clear that Dr. Koch would not return benefits that he improperly obtained under the rescinded policy, NWM filed the instant motion. Under the circumstances, the Court finds that NWM acted reasonably.

at 32-33. In response, Dr. Koch argues that NWM has "failed to meet its evidentiary burden" as to whether it is entitled to restitution. Dr. Koch's argument misses the point. Dkt. 191 at 7.

As explained, if indeed NWM paid benefits to Dr. Koch under policy no. D942877, then NWM is entitled to reimbursement of those benefits as a consequence of the policy's rescission. That being said, NWM has not provided the Court with authenticated documents establishing the *amount* of benefits that it in fact paid under the policy. As such, while the Court finds that NWM is entitled to reimbursement of any benefits conferred under the rescinded policy, the Court withholds judgment on the amount of those benefits. To the extent Dr. Koch disputes the amount claimed in the Motion, the Court encourages the parties to exchange the information necessary to fully and finally resolve that amount and only seek further relief from the Court if the calculated amount remains in dispute.

## IV. ORDER

Therefore, it is hereby **ORDERED** that NWM's Motion to Correct Judgment is **GRANTED**. Consistent with the Court's previous order rescinding policy no. D942877, the Court requires NWM to return premiums paid, plus interest, on rescinded policy no. D942877, and Dr. Koch to return any benefits paid under policy no. D942877 within ten (10) days of this order.

Dated this 16th day of November, 2011.

BENJAMIN H. SETTLE
United States District Judge